IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-38

 No. COA19-912

 Filed 2 March 2021

 Moore County, No. 15 CVD 1090

 CHERYL HALTERMAN, Plaintiff,

 v.

 BRADEN HALTERMAN, Defendant.

 Appeal by plaintiff from order entered 27 June 2019 by Judge Warren

 McSweeney in District Court, Moore County. Heard in the Court of Appeals 28 April

 2020.

 Chris Kremer, for plaintiff-appellant.

 Foyles Law Firm, PLLC, by Jody Stuart Foyles, for defendant-appellee.

 STROUD, Chief Judge.

¶1 Mother appeals the trial court’s order granting Father’s Motion under North

 Carolina Rules of Civil Procedure 12(b)(1) and (6) to dismiss her Petition to Register

 a foreign child support order. Because Mother’s Petition to Register was in substance

 and in form a petition to register a foreign custody order under North Carolina

 General Statute § 50A-305, not a petition to register a foreign child support order

 under North Carolina General Statute § 52C-6-602, the trial court did not err by

 granting Father’s Motion to Dismiss.
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 I. Procedural and Factual Background

¶2 Mother and Father had two children during their marriage. In 2008, the

 parties were divorced in Broward County, Florida. In their Florida divorce

 proceedings, the parties entered into a Marital Settlement Agreement which was

 later adopted by the court as a court order. The 2008 Marital Settlement Agreement

 (“2008 Order”) resolved all of the parties’ claims related to their marriage, including

 child custody, child support, alimony, and equitable distribution. In 2009, the Florida

 court entered an “Agreed Final Order on Former Husband’s Supplemental Petition

 for Modification of Final Judgment” (“2009 Order”) which modified Father’s child

 support obligation and provided that “should [Father] become incarcerated in Federal

 Prison, the child support award shall be abated until he has been released.” In 2012,

 the Florida court entered an “Agreed Final Order on the Former Wife’s Supplemental

 Petition to Permit Relocation with Minor Children” (“2012 Order”) which allowed

 Mother to “relocate on a permanent basis” to North Carolina and “defers on the issues

 of child support and timesharing until such time as [Father] is released from

 [incarceration].”

¶3 On 20 August 2015, Father filed a “Complaint, Motion to Register A Foreign

 Order and Motion to Modify Child Custody,” which included a motion to register the

 two Florida orders regarding custody, the 2008 Order and the 2012 Order, in North

 Carolina, and a motion to modify child custody. The motion to modify child custody
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 alleged that Father had been released from incarceration and the parties had been

 unable to agree on a new visitation schedule. The Complaint alleged grounds to

 register the 2008 and 2012 custody orders under the Uniform Child Custody

 Jurisdiction and Enforcement Act (“UCCJEA”). The Complaint also included

 allegations regarding North Carolina’s modification jurisdiction under the UCCJEA.

 The Complaint alleged that Father is a citizen and resident of the Commonwealth of

 Virginia, while Mother and the children reside in North Carolina.

¶4 Four days later, Mother filed a “Petition to Register Foreign Child Custody and

 Support Order” (“Petition to Register”). The Petition to Register stated it was filed

 under “N.C.G.S. 50A-305(a), petitioning this Court to register a foreign custody

 Order.” Mother’s Petition to Register included all three Florida orders, including the

 2009 Order. The allegations of the Petition to Register track the requirements of

 North Carolina General Statute § 50A-305(a), including that Father was a citizen and

 resident of Virginia; Mother and the children were residents of North Carolina;

 details regarding the Florida orders entered in 2008, 2009, and 2012; and that the

 custody provisions of those orders had not been changed. Certified copies of the

 orders were attached, and her Petition to Register was verified. She requested only

 to register the “attached foreign orders” but did not assert any requests for

 modification or enforcement. Mother also filed a “Notice to Register of Foreign Child

 Custody and Support Orders.” The Notice states that Mother “gives Notice that the
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 Registration of the Foreign Custody Order entered the 14 October 2008, in the County

 of Broward, State of Florida” and cites North Carolina General Statute § 50A-305 as

 statutory authority. The Notice tracks the statutory language required for

 registration of a foreign child custody order under the UCCJEA.

¶5 On 8 September 2015, Father filed a “Motion to Dismiss [Mother’s] Claim to

 Register the Foreign Child Support Order” (“Motion to Dismiss”). Father moved to

 dismiss the Petition to Register under Rules 12(b)(1) and (6) for lack of subject matter

 jurisdiction and failure to state a cause of action upon which relief may be granted,

 and for failure to meet the requirements of North Carolina General Statute § 52C-6-

 602. Father alleged that he is a resident of Virginia, and he has never resided in

 North Carolina. He alleged that North Carolina General Statute § 52C-6-602(a)

 “requires the registration of a Support Order to be in the county where the obligor

 resides” and the Petition to Register failed to meet other requirements of North

 Carolina General Statute § 52C-6-602.

¶6 On 22 September 2015, the trial court entered an “Order Registering a Foreign

 Child Custody Order” (“Registration Order”). The Registration Order was entered

 by agreement of the parties and was based upon the UCCJEA. The Registration

 Order finds that the 2012 Order “anticipated the minor children moving to North

 Carolina and releasing jurisdiction to North Carolina” and Mother and minor
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 children had been residing in North Carolina more than six months preceding

 Father’s motion for modification of custody.

¶7 On 18 February 2016, the parties entered into a Child Custody Order by

 consent (“2016 Consent Order”), granting the parties joint custody, with primary

 custody to Mother and setting out a detailed visitation schedule for Father. The 2016

 Consent Order also included a provision that “This Order fully resolves all pending

 matters in Moore County File Numbers: 15 CVD 1078 and 15 CVD 1090.” But the

 trial court did not address Father’s Motion to Dismiss Mother’s claim to register a

 foreign child support order.

¶8 On 2 January 2019, Father filed a motion to activate the case and a Rule 60

 Motion requesting the trial court strike the language in the 2016 Consent Order

 stating that “this resolves all pending issues” in the case, since his Motion to Dismiss

 had not been resolved. Mother did not oppose Father’s Rule 60 Motion and the trial

 court entered an order allowing the motion and striking the language regarding full

 resolution of all claims, as Father’s Motion to Dismiss had never been addressed.

¶9 On 21 May 2019, the trial court heard Father’s Motion to Dismiss. On 27 June

 2019, the trial court entered an order allowing Father’s Motion to Dismiss based upon

 “Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure and NCGS

 52(c)-6-602.” Specifically, the trial court concluded, “The pleading is insufficient to

 register a foreign Child Support Order. This Court lacks subject matter jurisdiction
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 and said petition fails to state a cause of action upon which relief can be granted.”

 Mother timely filed notice of appeal from the 27 June 2019 Order allowing Father’s

 Motion to Dismiss.

 II. Standard of Review

¶ 10 This Court reviews an order allowing a motion to dismiss for lack of subject

 matter jurisdiction and for failure to state a claim upon which relief can be granted

 de novo. Johnson v. Antioch United Holy Church, Inc., 214 N.C. App. 507, 510, 714

 S.E.2d 806, 809 (2011) (noting the standard of review for lack of subject matter

 jurisdiction); Birtha v. Stonemor, N.C., LLC, 220 N.C. App. 286, 291, 727 S.E.2d 1, 6

 (2012) (providing the standard of review for failure to state a claim upon which relief

 can be granted).

 III. Registration of Foreign Order

¶ 11 The arguments of both parties conflate the statutory requirements for

 registration of a foreign support order and the jurisdictional issues arising from

 modification or enforcement of a foreign support order. Normally, when a support

 order is registered, the obligee or a child support enforcement agency is seeking to

 enforce the order, or a party is seeking modification of the order. See N.C. Gen. Stat.

 § 52C-6-609. Here, Mother sought only to register the three Florida orders. No issue

 as to modification or enforcement was raised by either party. Father’s Motion to

 Dismiss raised a defense based on the failure of Mother’s Petition to Register to meet
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 the requirements of North Carolina General Statute § 52C-6-602 for registration of a

 foreign support order. Thus, we first address the issue of whether Mother’s Petition

 to Register Foreign Child Custody and Support Order substantially complied with

 North Carolina General Statute § 52C-6-602.

¶ 12 North Carolina General Statute § 52C-6-602 sets out the requirements for

 registration of a foreign support order in North Carolina:

 (a) Except as otherwise provided in G.S. 52C-7-706, a
 support order or income-withholding order of another state
 or a foreign support order may be registered in this State
 by sending the following records to the appropriate
 tribunal in this State:
 (1) A letter of transmittal to the tribunal
 requesting registration and enforcement;
 (2) Two copies, including one certified copy, of
 the order to be registered, including any
 modification of the order;
 (3) A sworn statement by the person
 requesting registration or a certified
 statement by the custodian of the records
 showing the amount of any arrearage;
 (4) The name of the obligor and, if known:
 a. The obligor’s address and
 social security number;
 b. The name and address of the
 obligor’s employer and any other
 source of income of the obligor;
 and
 c. A description and the location
 of property of the obligor in this
 State not exempt from
 execution; and
 (5) Except as otherwise provided in G.S. 52C-3-311,
 the name and address of the obligee and, if
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 applicable, the person to whom support payments
 are to be remitted.
 (b) On receipt of a request for registration, the registering
 tribunal shall cause the order to be filed as an order of
 another state or a foreign support order, together with one
 copy of the documents and information, regardless of their
 form.
 (c) A petition or comparable pleading seeking a remedy
 that must be affirmatively sought under other law of this
 State may be filed at the same time as the request for
 registration or later. The pleading must specify the
 grounds for the remedy sought.
 (d) If two or more orders are in effect, the person requesting
 registration shall do each of the following:
 (1) Furnish to the tribunal a copy of every
 support order asserted to be in effect in
 addition to the documents specified in this
 section.
 (2) Specify the order alleged to be the
 controlling order, if any.
 (3) Specify the amount of consolidated
 arrears, if any.
 (e) A request for a determination of which is the controlling
 order may be filed separately or with a request for
 registration and enforcement or for registration and
 modification. The person requesting registration shall give
 notice of the request to each party whose rights may be
 affected by the determination.

 N.C. Gen. Stat. § 52C-6-602 (2019).

¶ 13 Here, the Petition to Register was filed directly by Mother and was not

 initiated by the Florida court. Direct registration is allowed under North Carolina

 General Statute § 52C-3-301:

 An individual petitioner or a support enforcement agency
 may initiate a proceeding authorized under this Chapter
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 by filing a petition in an initiating tribunal for forwarding
 to a responding tribunal or by filing a petition or a
 comparable pleading directly in a tribunal of another state
 or a foreign country which has or can obtain personal
 jurisdiction over the respondent.

 N.C. Gen. Stat. § 52C-3-301(c) (2019). North Carolina General Statute § 52C-6-605

 also requires that the “nonregistering party,” here Father, be notified of the

 registration and of his right to contest it:

 (a) When a support order or income-withholding order
 issued in another state or a foreign support order is
 registered, the registering tribunal of this State shall
 notify the nonregistering party. The notice must be
 accompanied by a copy of the registered order and the
 documents and relevant information accompanying the
 order.
 (b) A notice must inform the nonregistering party:
 (1) That a registered order is enforceable as of the
 date of registration in the same manner as an
 order issued by a tribunal of this State.
 (2) That a hearing to contest the validity or
 enforcement of the registered order must be
 requested within 20 days after notice, unless
 the registered order is under G.S. 52C-7-707;
 (3) That failure to contest the validity or
 enforcement of the registered order in a
 timely manner will result in confirmation of
 the order and enforcement of the order and
 the alleged arrearages; and
 (4) Of the amount of any alleged arrearages.

 N.C. Gen. Stat. § 52C-6-605 (2019) (emphasis added).

¶ 14 Mother does not attempt to argue that her Petition to Register, which was in

 both form and substance a petition for registration of a child custody order under the
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 UCCJEA, was fully compliant with the requirements of North Carolina General

 Statute § 52C-6-602. Nor was Father provided with the notice required by North

 Carolina General Statute § 52C-6-605. Mother contends that “a fair examination” of

 the Petition to Register “under the Twaddell substantial compliance standard”

 supports her argument that she met the requirements of North Carolina General

 Statute § 52C-6-602 to register the Florida orders as child support orders.

¶ 15 In Twaddell v. Anderson, the mother resided in California and sought to

 enforce a California child support order against the father, who resided in North

 Carolina. 136 N.C. App. 56, 58, 523 S.E.2d 710, 713 (1999). After a complex

 procedural history of the mother’s efforts to enforce the order in North Carolina

 through the child support enforcement agency, the father was held in contempt for

 non-payment, and he challenged the registration of the California order based upon

 technical deficiencies in the information transmitted from California. Id. at 58-59,

 523 S.E.2d at 713. The trial court granted his motion to dismiss, and this Court

 reversed, finding substantial compliance with the requirements for registration of the

 California order under North Carolina General Statute § 52C-6-602:

 Plaintiff contends she was in substantial compliance
 with the statute. The provisions in dispute are section
 52C-6-602(a)(1), which requires that a registration request
 include a “letter of transmittal to the tribunal requesting
 registration and enforcement,” and section
 52C-6-602(a)(5), which requires that the registration
 request include the “name and address of the obligee and,
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 if applicable, the agency or person to whom support
 payments are to be remitted.” The record indicates that
 plaintiff submitted a “Registration Statement,” which
 contained the case number, date, and county of the
 California order; the parties to the action and their
 respective addresses and employers; and the support
 amount, date of last payment, and total amount of arrears.
 The Statement was signed by the Records Custodian in
 California and notarized, then forwarded to the Craven
 County Clerk of Court. We hold that this material is
 sufficient to satisfy section 52C-6-602(a)(1). Plaintiff’s
 packet also included the name and address of the
 California agency to which support payments were to be
 remitted. Although this information may be found only
 upon a close reading of plaintiff’s submitted material, we
 hold that plaintiff also substantially complied with section
 52C-6-602(a)(5). Accordingly, the trial court erred in
 finding that plaintiff had not met the registration
 requirements of UIFSA.

 Id. at 60, 523 S.E.2d at 714.

¶ 16 But a “fair examination” of Mother’s Petition to Register here reveals that it is

 both in substance and in form a petition to register a foreign custody order under

 North Carolina General Statute § 50A-305, not a petition to register a foreign child

 support order under North Carolina General Statute § 52C-6-602. The requirements

 of these two statutes differ, and for the orders to be registered under the Uniform

 Interstate Family Support Act (“UIFSA”), the petition must at least substantially

 comply with North Carolina General Statute § 52C-6-602. Mother’s Petition to

 Register did not request “registration and enforcement” or contain “[a] sworn

 statement by the person requesting registration or a certified statement by the
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 custodian of the records showing the amount of any arrearage[.]” N.C. Gen. Stat. §

 52C-6-602(a)(1), (3). Therefore, the trial court did not err by granting Father’s Motion

 to Dismiss for failing to state a claim upon which relief can be granted.

 IV. Subject Matter Jurisdiction

¶ 17 Mother also argues that Father submitted to the jurisdiction of the North

 Carolina court by filing his own petition to register the 2008 Order and the 2012

 Order, which included provisions regarding both child custody and support. She

 contends Father made a “general appearance” in the action and thus cannot challenge

 jurisdiction.

¶ 18 Here, Mother presents the issue on appeal as personal jurisdiction over Father

 regarding child support enforcement. Father is a citizen and resident of Virginia, and

 Mother does not argue there would be any basis for North Carolina to assert personal

 jurisdiction over him unless he had submitted to the jurisdiction of the court by a

 general appearance. If personal jurisdiction were the issue and Father had made a

 general appearance, Mother would be correct: a general appearance would have

 waived any objection to personal jurisdiction. Lynch v. Lynch, 303 N.C. 367, 373, 279

 S.E.2d 840, 845 (1981) (making a general appearance before challenging personal

 jurisdiction waives the right to challenge personal jurisdiction).

¶ 19 But Father did not make a general appearance, and his actions cannot confer

 subject matter jurisdiction upon the court. His petition specifically sought to register
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 the orders under the UCCJEA and to modify custody in North Carolina. The trial

 court has subject matter jurisdiction under the UCCJEA since Mother and the

 children reside in North Carolina. And Father promptly filed a Motion to Dismiss

 Mother’s Petition to Register, raising his jurisdictional defenses, both personal and

 subject matter. The issue here is subject matter jurisdiction, which cannot be created

 by the actions of the parties. See In re T.R.P., 360 N.C. 588, 595, 636 S.E.2d 787, 793

 (2006) (“‘Jurisdiction rests upon the law and the law alone. It is never dependent upon

 the conduct of the parties.’ Subject matter jurisdiction ‘cannot be conferred upon a

 court by consent, waiver or estoppel, and therefore failure to . . . object to the

 jurisdiction is immaterial.’” (alterations in original) (citations omitted)).

¶ 20 Mother last cites to Marshall v. Marshall, 233 N.C. App. 238, 757 S.E.2d. 319

 (2014) (unpublished), which she contends “shoots down the notion of selective subject

 matter jurisdiction.” She argues that because the Florida orders address both child

 custody and child support in the same document, North Carolina must have subject

 matter jurisdiction over the entire matter and cannot have subject matter jurisdiction

 to enforce or modify just a portion of the order as to child custody. But Marshall is

 inapposite to this case, as it raised no issue of whether the registration of the support

 order was done properly and no issues regarding enforcement or modification of a

 child custody order under the UCCJEA. See Marshall, 233 N.C. App. 238, 757 S.E.2d.

 319.
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

¶ 21 In Marshall, the husband and wife had entered into a marital dissolution

 agreement, which was adopted as a court order in Tennessee. Id. at 238, 757 S.E.2d

 at 321. The husband then engaged in an extended pattern of harassment against the

 wife and her former romantic partner and her husband which this Court described

 as “among the most shocking and extreme that the members of this panel have

 witnessed in the many divorce—related cases they have reviewed.” Id. at 238, 757

 S.E.2d at 323. The wife obtained domestic violence protective orders against the

 husband in North Carolina and registered the Tennessee order in North Carolina

 under UIFSA, and with no objection from the husband, it was registered pursuant to

 North Carolina General Statute § 52C-6-601, 606 (2013). Marshall, 233 N.C. App.

 238, 757 S.E.2d at 322.

¶ 22 Here, the issue is whether Mother’s Petition to Register the three Florida

 orders under UIFSA was proper; this case presents no issue of modification or

 enforcement of the Florida orders, just registration. In addition, Marshall did not

 address any issues of child custody or child support; the support obligations the wife

 sought to enforce involved “monetary support” the husband was ordered to pay to the

 wife under the properly registered Tennessee order. Id. at 238, 757 S.E.2d at 324-25.

¶ 23 Mother’s argument focuses on two sentences, taken out of context, from

 Marshall:
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 Defendant cites no authority for the startling proposition
 that a court might have subject matter jurisdiction over
 certain paragraphs and provisions of a foreign support
 order which has been properly registered and confirmed
 under UIFSA, but lack jurisdiction over other paragraphs
 and provisions. Nothing in UIFSA even suggests that a
 properly registered and confirmed foreign support order
 may only be enforced in part by our State’s district courts.

 Id. at 238, 757 S.E.2d at 324.

¶ 24 In Marshall, the Court had already noted that the Tennessee order had been

 properly registered under North Carolina General Statute § 52C-6-606 when the

 husband failed to contest registration. Id. at 238, 757 S.E.2d at 324. In context, the

 Court was noting that North Carolina had jurisdiction to enforce all of the “monetary

 support” provisions of the foreign support order after it was properly registered. Id.

 at 238, 757 S.E.2d at 324. There was no issue in Marshall involving registration or

 modification of a child custody order.

¶ 25 Here, Mother’s arguments overlook the essential differences in registration of

 foreign orders under the UCCJEA and UIFSA. For purposes of child custody, the

 focus is on the residence of the children, and personal jurisdiction over a parent is not

 required. See N.C. Gen. Stat. § 50A-305. For purposes of child support modification

 and enforcement, the focus is on the residence of the obligor, since the obligee who is

 seeking enforcement normally registers the order in the state of the obligor’s

 residence so the court will have personal jurisdiction over the obligor. See N.C. Gen.
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

Stat. § 52C-6-611 (2019). The Comments to North Carolina General Statute § 52C-

6-611 specifically address this relationship between the UCCJEA and the UIFSA:

 UIFSA Relationship to UCCJEA. Jurisdiction
 for modification of child support under subsections (a)(1)
 and (a)(2) is distinct from modification of custody under the
 federal Parental Kidnapping Prevention Act (PKPA), 42
 U.S.C. § 1738A, and the Uniform Child Custody
 Jurisdiction and Enforcement Act (UCCJEA) §§ 201-202.
 These acts provide that the court of exclusive, continuing
 jurisdiction may “decline jurisdiction.” Declining
 jurisdiction, thereby creating a potential vacuum, is not
 authorized under UIFSA. Once a controlling child-support
 order is established under UIFSA, at all times thereafter
 there is an existing order in effect to be enforced. Even if
 the issuing tribunal no longer has continuing, exclusive
 jurisdiction, its order remains fully enforceable until a
 tribunal with modification jurisdiction issues a new order
 in conformance with this article.
 UIFSA and UCCJEA seek a world in which there is
 but one order at a time for child support and custody and
 visitation. Both have similar restrictions on the ability of
 a tribunal to modify the existing order. The major
 difference between the two acts is that the basic
 jurisdictional nexus of each is founded on different
 considerations. UIFSA has its focus on the personal
 jurisdiction necessary to bind the obligor to payment of a
 child-support order. UCCJEA places its focus on the
 factual circumstances of the child, primarily the “home
 state” of the child; personal jurisdiction to bind a party to
 the custody decree is not required. An example of the
 disparate consequences of this difference is the fact that a
 return to the decree state does not reestablish continuing,
 exclusive jurisdiction under the UCCJEA. See UCCJEA §
 202. Under similar facts UIFSA grants the issuing
 tribunal continuing, exclusive jurisdiction to modify its
 child-support order if, at the time the proceeding is filed,
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

 the issuing tribunal “is the residence” of one of the
 individual parties or the child. See Section 205.

 N.C. Gen. Stat. § 52C-6-611 Official Comment.

¶ 26 Here, Mother’s Petition to Register the three Florida orders was in both form

 and substance a petition for registration under the UCCJEA. Even if we assume

 Mother also sought registration of the orders under UIFSA, the Petition to Register

 did not substantially comply with the requirements of North Carolina General

 Statute § 52C-6-602, and Father promptly filed a Motion to Dismiss with respect to

 claims under UIFSA. The trial court correctly concluded that Mother’s Petition to

 Register the orders under UIFSA for purposes of child support modification or

 enforcement must be dismissed under North Carolina General Statute § 52C-6-602

 and Rules 12(b)(1) for lack of subject matter jurisdiction. See In re T.R.P., 360 N.C.

 588, 590, 636 S.E.2d 787, 790 (2006) (“Where jurisdiction is statutory and the

 Legislature requires the Court to exercise its jurisdiction in a certain manner, to

 follow a certain procedure, or otherwise subjects the Court to certain limitations, an

 act of the Court beyond these limits is in excess of its jurisdiction.” (quoting Eudy v.

 Eudy, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), overruled on other grounds by

 Quick v. Quick, 305 N.C. 446, 290 S.E.2d 653 (1982))).

 V. Conclusion
 HALTERMAN V. HALTERMAN

 2021-NCCOA-38

 Opinion of the Court

¶ 27 Because Mother’s Petition to Register was in substance and in form a petition

 to register a foreign custody order under North Carolina General Statute § 50A-305,

 not a petition to register a foreign child support order, the trial court did not err by

 granting Father’s Motion to Dismiss as to child support for failing to state a claim

 upon which relief can be granted and for lack of subject matter jurisdiction. N.C. R.

 Civ. P. 12(b)(1), (6). However, the trial court noted the dismissal of Mother’s Petition

 to Register was without prejudice, and this opinion does not impair her right to file a

 new petition for registration and enforcement of the Florida child support orders in

 the appropriate jurisdiction.

 AFFIRMED.

 Judges INMAN and COLLINS concur.